# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>THE ZAKEN CORP., a California corporation, also d/b/a The Zaken Corporation, QuickSell, and QuikSell; and<br><br>TIRAN ZAKEN, individually and as an officer of The Zaken Corp.,<br><br>  Defendants. | Case No: CV-12-09631 DDP(MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order Governing the Production of Discovery Material ("Stipulation") filed on August 1, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 2, 7, 23, and 24 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be

redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

### Materials Covered

This Protective Order, and the confidentiality provisions contained herein, shall where applicable, apply to all documents, information, and other materials disclosed and produced by Plaintiff, Defendants, and any third-party that produces information in response to a subpoena (the "Disclosing Party") in the entitled action, and all oral depositions. Such documents, information, and other materials shall be referred to hereinafter as "Litigation Material."

### Definition and Use of "Confidential Consumer Information"

1.  "Confidential Consumer Information" shall mean identifying information relating to any individual consumer, including the consumer's financial or credit information, postal address, email address, telephone number, social security number, driver's license number or other state identification number.

2.  The parties agree that Confidential Consumer Information **should be protected**. Confidential Consumer Information includes personally-identifying

information about Defendants' customers and records and information compiled by the Federal Trade Commission for law-enforcement purposes, including consumer complaints, which is nonpublic information for many purposes. 16 C.F.R. § 4.10(a)(5). The United States **has** represent**ed** to the Court that almost all of the complaints that it receives regarding the sale of business opportunities are received through or are stored in the Consumer Sentinel database. This database is part of the Consumer Information System ("CIS"), maintained and operated by the Federal Trade Commission. The CIS is a designated "system of records" subject to protection under the Privacy Act, 5 U.S.C. § 552a, because consumer complaints and other submissions include confidential personally-identifying information about individuals. Notice of Revised System Notices, 73 Fed. Reg. at 33621 (Consumer Information System).

  3.  The United States **has** assert**ed** that federal agencies cannot disclose records contained in a "system of records" absent written permission from the individual to whom the record pertains, unless one of twelve specific statutory exceptions applies. 5 U.S.C. § 552a(b). One exception that allows an agency to disclose records contained in a "system of records" is "the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). Accordingly, an appropriate order from this Court would authorize the United States to disclose record information from the Consumer Information System to the defendants in discovery.

  4.  Confidential Consumer Information shall be treated as such without any written designation or identification.

  5.  Plaintiff and Defendants may use Confidential Consumer Information received in this litigation only for **purposes of** this litigation. No party or person receiving Confidential Consumer Information shall use such material or the contents thereof for any other business, commercial, governmental, or competitive purposes. The parties acknowledge, however, that Plaintiff may use such material

for law-enforcement purposes, unless such use would violate the constitutional or statutory rights of the producing parties or of individuals whose personally-identifying information is disclosed, or depart from "proper standards in the administration of justice." *United States v. Stein*, 2008 U.S. Dist. LEXIS 74030, at *10 (S.D.N.Y. Sept. 10, 2008); *see United States v. Stringer,* 535 F.3d 929 (9th Cir. 2008); *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir. 1980).

6. Any party may publicly file a document or a deposition transcript containing Confidential Consumer Information, so long as all Confidential Consumer Information is redacted in the publicly-filed version of the document or transcript. Alternatively, any party may apply for leave to file under seal an unredacted copy of a document or deposition transcript containing Confidential Consumer Information. The parties must comply with Local Rule 79-5.1 when seeking to file documents under seal.

7. Prior to any evidentiary court proceedings in this matter, the parties will meet and confer in good faith to put into place a procedure for identification and use of Confidential Consumer Information during trial or other evidentiary court proceedings. Prior to any such proceeding**(s), the parties will seek to obtain an appropriate Court order regarding the use and protection of Confidential Consumer Information.**

8. The provisions in paragraphs 15 through 30 of this **Protective** Order shall apply equally to Confidential Consumer Information as to information designated Confidential Litigation Material.

### **Definition of "Confidential" Litigation Material**

9. "Confidential" Litigation Material shall include Litigation Material so designated by counsel of record who reasonably and in good faith believes such Litigation Material is of the type protectable under Fed. R. Civ. P. 26(c)(1)(G) or which satisfies the following definition. "Confidential" Litigation Material is

information that contains, reflects or reveals:  (1) trade secret information (which is a formula, pattern, or device for compilation of information which is used in one's business, and which gives the business an opportunity to obtain an advantage over competitors who do not know or use the trade secret information); (2) proprietary information such as research and development information, or commercially or competitively sensitive information; **and/or** (3) privileged or confidential commercial or financial information.  By designating information as Confidential under this Protective Order, the attorney for a Designating Party (or the Designating Party personally, if unrepresented) certifies to the Court within the meaning of Fed. R. Civ. P. 26(g)(1) that there is a good faith basis for the designation, both in law and fact and based upon careful determination.  Material is not to be designated Confidential Litigation Material as a matter of course.

10. Litigation Material will not be deemed Confidential and protected, and the parties shall use reasonable efforts to ensure that Litigation Material is not designated as such, if the content or substance of such Litigation Material is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the public through publication or otherwise.

## Method of Designation

11. The Disclosing Party may designate as Confidential all or any portion of any Litigation Material as follows:

   a. Litigation Material produced in paper form may be designated as Confidential by prominently stamping or writing the legend "Confidential" on each page of the Litigation Material containing Confidential information at or before production.  Where the Confidential Litigation Material is reasonably segregable on a given page, Confidential information may be identified by stamping "Confidential" adjacent to the Confidential passages.

   b. Litigation Material produced in electronic TIFF format may be designated as Confidential by prominently marking the legend "Confidential" on each page of the Litigation Material containing Confidential information at or before production.  Where the Confidential Litigation Material is reasonably segregable on a given page, Confidential information may be identified by stamping "Confidential" adjacent to the Confidential passages.

   c. Litigation Material produced in native format (*i.e.* Word, Excel), may be designated as Confidential by including the designation of Confidential in the file name of such Litigation Material and/or by preserving its confidentiality in accordance with any Electronically Stored Information Agreement the parties may enter.  Any production of Confidential Litigation Material by copying or printing shall be designated by the person printing the Litigation Material as Confidential by prominently stamping or writing the legend "Confidential" on each page of the Litigation Material containing Confidential information.

   d. Confidential Litigation Material produced in native format shall not be distributed electronically without maintaining the designation of Confidential in the file name of such Litigation Material and/or, if encryption was used, the encryption of that Litigation Material, and the encryption key shall not be shared with any person that is not entitled to gain access to that Litigation Material under the terms of this **Protective** Order.

   e. Other discovery responses (such as responses to interrogatories and requests for admission) that it served in paper, PDF, or TIFF format, and that the Designating Party in good faith believes constitute or include Confidential Litigation Material, shall be designated on each confidential passage with the legend "Confidential."

   f. Deposition testimony may be designated as Confidential by either of the following means:  (i) by stating orally on the record that an answer to a question is Confidential prior to or immediately after the witness's answering the question; or (ii) by sending written notice designating specific pages and lines of the deposition transcript as Confidential within ten (10) business days of the date on which counsel receives the transcript from the court reporter.  By stating orally that a portion of a deposition is Confidential, a party does not thereby waive its right to designate additional portions as such within the ten (10) business day period.  All information disclosed during a deposition shall be deemed to have been designated Confidential until ten (10) business days after the transcript is received from the court reporter, whether or not portions of the transcript have been previously so designated.  Following the expiration of the ten (10) business day period, only those portions of the deposition testimony specifically designated as Confidential shall be treated as such.

   g. Upon request by a Recipient, a Producing Party shall, in good faith, review any Litigation Material it has designated as "Confidential" to determine whether any part of the confidentiality designations may be removed.  The Producing Party shall notify the Recipient within ten (10) business days whether, based on that good-faith review, the Producing Party agrees that any part of the confidentiality designations can be removed.  Any disputes concerning such a request shall be resolved as provided for in paragraph 13 below; *provided* that all parties hereby acknowledge in advance that the Confidential Designation is intended only to cover those parts of Litigation Material that require such protection.

 12. Inadvertent production of Litigation Material without any designation shall not constitute a waiver of the right to designate information as Confidential.  If Litigation Material is inadvertently produced without the appropriate

designation, any party may nevertheless assert that the Litigation Material is Confidential, and the parties shall thereafter treat it as such.  The Disclosing Party shall reproduce the Litigation Material with the appropriate designation, in accordance with paragraph 10 above, within ten (10) business days of the new assertion of confidentiality.   After being notified, a party must promptly return, sequester, or destroy the Confidential information and any copies it has, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and must not use or disclose the Confidential information, except to challenge the confidentiality designation as provided in paragraph 13.

13. Inadvertent production of any Litigation Material by any party that a Disclosing Party later claims should have been withheld on grounds of a privilege, including the work product doctrine or attorney-client privilege, will be handled in accordance with Fed. R. Civ. P. 26(b)(5)(B).

## Objections to Confidential Treatment

14. The failure to challenge the propriety of a designation of Litigation Material as Confidential at the time made does not preclude a subsequent challenge thereto.  If, at any time, a party believes that all or part of any Litigation Material designated Confidential by the Disclosing Party does not contain Confidential material, the parties shall engaged in the following procedures:

a. Any party (the "Requesting Party") may at any time request the Designating Party to release any Confidential designations made under this Protective Order.  Pursuant to Local Rule 37-1 (C.D. Cal. 2010), the request shall (1) be in writing; (2) identify each issue and/or Confidential designation in dispute; (3) state briefly with respect to each such issue or Confidential designation the Requesting Party's position (and provide any legal authority that the Requesting Party believes is dispositive of the dispute as to that issue or Confidential designation); and (4) specify the terms of the discovery order to be sought.  With

respect to requirement (3), it shall be sufficient for the Requesting Party to state that it puts the Designating Party to its burden of persuasion.

   b. Pursuant to Local Rule 37-1, unless relieved by written order of the Court upon good cause shown, counsel for the Designating Party shall confer with counsel for the Requesting Party within ten (10) days of the Requesting Party's written request.  Because the Designating Party bears the burden of persuasion, it shall be the moving party.

   c. If the parties cannot reach agreement, the Designating Party must move the Court to issue a protective order retaining its Consumer Confidential designations (or seeking other appropriate relief) if it wishes to retain those designations.

    i. The Requesting and Designating Parties shall cooperate in formulating and preparing the joint stipulation pursuant to Local Rule 37-2.2, and shall comply with the remaining requirements of Local Rules 37-2, 37-3, and 37-4.

    ii. Unless the parties agree on a longer time, the Designating Party shall, within ten (10) days of the conference, serve its portion of the Local Rule 37-2.2 joint stipulation and accompanying declarations and exhibits upon counsel for the Requesting Party, in accord with the requirements of Local Rule 37-2.2.  If the Designating Party does not do so, it shall be deemed to have abandoned the challenged Consumer Confidential Information designations, and the designated material shall no longer be protected under this Protective Order.

    iii. Unless the parties agree on a longer time, counsel for the Requesting Party shall serve on counsel for the Designating

        Party the Requesting Party's portion of the stipulation, together with accompanying declarations and exhibits, in accord with Local Rule 37-2.2, within seven (7) days of receipt of the Designating Party's papers.  If counsel for the Requesting Party does not do so, the Requesting Party shall be deemed to have abandoned its challenge, and the Designating Party shall not be required to take further action to retain the challenged Consumer Confidential designations.

   iv.   Unless the parties agree on a longer time, counsel for the Designating Party shall add the Requesting Party's papers to the stipulation and provide the stipulation to counsel for the Requesting Party for signature in accord with Local Rule 37-2.2, within five (5) days of receipt of the Requesting Party's papers.  If counsel for the Designating Party does not do so, the Designating Party shall be deemed to have abandoned the challenged Consumer Confidential Information designations, and the designated material shall no longer be protected under this Protective Order.

   v.   Unless the parties agree on a longer time, counsel for the Requesting Party shall sign (electronically or otherwise) and return the stipulation to counsel for the Designating Party by the end of the next business day in accord with Local Rule 37-2.2.  If counsel for the Requesting Party does not do so, the Requesting Party shall be deemed to have abandoned its challenge and the Designating Party shall not be required to

take further action to retain the challenged Consumer Confidential designations.

vi. Unless the parties agree on a longer time, the Designating Party shall file its motion for protective order (or seeking other appropriate relief) within seven (7) days after receipt of the signed stipulation from counsel for the Requesting Party. If the Designating Party does not do so, it shall be deemed to have abandoned the challenged Consumer Confidential Information designations, and the designated material shall no longer be protected under this Protective Order.

vii. The Designating Party shall bear the burden of persuasion on its motion for a protective order retaining its Consumer Confidential designations (or seeking other appropriate relief).

viii. With its motion, the Designating Party shall submit to the Court for filing under seal the information or document whose treatment is disputed (or, if the material is voluminous, an appropriate subset). In accord with the requirements of Local Rule 79-5.1, the Designating Party shall present a written application and a proposed order to the judge along with the information or document submitted for filing under seal. The Designating Party's proposed order shall address both its underlying motion for protective order (or other appropriate relief) and its application for under-seal filing (and in accord with Local rule 79-5.1, the proposed order shall also, if

appropriate, address whether the application and proposed order themselves should be sealed).

  ix. The terms of this Protective Order shall continue to apply to the information or documents that are the subject of the motion until the Court rules.

### Use and Treatment of Confidential Material

15. Any person responsible for making copies of Confidential Litigation Material must ensure that the copies adequately reflect the Confidential designation thereof.

16. Litigation Material designated as Confidential and Confidential Consumer Information, including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the Recipient, and shall not be disclosed to any person except:

  a. the Court; all Court personnel; any discovery referee; or any settlement mediator;

  b. court reporters or videographers who record deposition or other testimony in this case;

  c. outside and inside counsel to the parties, and their staff;

  d. an individual party, or if a government or corporate entity, only those directors, officers, employees who require the Confidential Consumer Information and Litigation Material to perform his or her responsibilities in connection with this litigation, but only to the extent required to perform his or her responsibilities in connection with this litigation;

  e. experts or consultants retained by the parties or their counsel to assist counsel;

f.      the author, addressees, and recipients of the Confidential Consumer and Litigation Material, or any person who would have had access to the Confidential Consumer and Litigation Material by virtue of his/her employment by the party producing the Confidential Consumer and Litigation Material, as well as deposition and trial witnesses presently employed by the party producing the Confidential Consumer and Litigation Material;

g.      any other person upon the written agreement of the party who produced or disclosed the Confidential Consumer and Litigation Material (which written agreement may be recorded on a deposition or other transcript), or pursuant to court order;

h.      outside copy and computer services personnel for purposes of copying, imaging, or indexing Litigation Material.

17.     All persons authorized by this Protective Order to receive Confidential Consumer and Litigation Material shall not disclose the Confidential information and shall maintain such information as confidential in accordance with this Protective Order.  Confidential Consumer and Litigation Material shall be used only for the prosecution or defense of this litigation.  No party or person receiving Confidential Consumer and Litigation Material shall use such material or the contents thereof for any other business, commercial, or competitive purposes.  The parties acknowledge, however, that Plaintiff may use such material for law-enforcement purposes, unless such use would violate the producing parties' constitutional rights, or depart from "proper standards in the administration of justice."  *United States v. Stein*, 2008 U.S. Dist. LEXIS 74030, at *10 (S.D.N.Y. Sept. 10, 2008); *see United States v. Stringer,* 535 F.3d 929 (9th Cir. 2008); *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir. 1980).

18.     Prior to being shown any Confidential Consumer or Litigation Material, any person listed under paragraph 15(d) or 15(e) shall agree to be bound

by the terms of this **Protective** Order by signing the agreement attached as Exhibit A.

19.   Each person given access to information designated as or derived from Confidential Information under this Protective Order shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to its terms.

20.   In the event any additional party joins or is joined in this action, the newly joined party shall not have access to Confidential Consumer and Litigation Material until the newly joined party, by its counsel, has executed its agreement to be bound fully by this **Protective** Order by executing and delivering to the parties hereto an agreement to be bound by its terms.

## Unauthorized Disclosure

21.   In the event that Confidential Consumer and Litigation Material is disclosed to someone not authorized to receive such information under this Protective Order, or if any person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach, including a full description of all pertinent facts, to the Court and to all counsel of record. Without prejudice to other rights and remedies of the designating party, counsel for the party making the disclosure shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

## Use in Court

22.   Except as provided in this paragraph, nothing in this Protective Order shall be construed to restrict or limit the ability of any party to use any information designated as or derived from Confidential Consumer and Litigation Material under this Protective Order in any filing or submission to this Court.  Any person may publicly file a document or a deposition transcript marked or identified as

Confidential Consumer and Litigation Material, so long as all Confidential portions are redacted in the publicly-filed version of the document or transcript. Alternatively, any party may apply for leave to file under seal an unredacted copy of a document or deposition transcript containing Confidential Consumer or Litigation Information. The parties must comply with Local Rule 79-5.1 when seeking to file documents under seal.

23. Prior to any evidentiary court proceedings in this matter, the parties will meet and confer in good faith to put into place a procedure for identification and use of Confidential Consumer and Litigation Material during trial or other evidentiary court proceedings. Prior to any such proceeding**(s), the parties will seek to obtain an appropriate Court order regarding the use and protection of Confidential Consumer and Litigation Material.**

### Subpoena or Public Access to Records Request by a Third Party

24. If one of the parties in possession of Confidential Consumer and Litigation Material receives a subpoena or public access to records request (*e.g.* Freedom of Information Act, 5 U.S.C. § 552(b)(4)) from a non-party which seeks or compels the production or other disclosure of Confidential Consumer and Litigation Material, the recipient of the request shall immediately give written notice to counsel for the party who designated the Confidential Consumer and Litigation Material as Confidential, identifying the material sought and enclosing a copy of the subpoena or request. Where possible, at least ten (10) days' notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given and received. **Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.**

### Conclusion of Litigation

25.     Within sixty (60) days of the conclusion of any litigation arising out of the above-entitled action, including the exhaustion of all appeals and expiration of the time for seeking any further review, counsel of record for the parties shall, subject to applicable state and federal public records laws, either destroy all Confidential Consumer and Litigation Material or return such Material to counsel for the party who initially produced the Confidential Consumer and Litigation Material (at the Disclosing Party's option).  In the event that Confidential Consumer and Litigation Material is mixed with non-confidential litigation material on a piece of electronic media, the Receiving Party may make a copy of the non-confidential litigation material and thereafter shall return the original electronic media to the Producing Party.  Termination of the litigation does not relieve the parties or the individuals who signed Exhibit A from their obligations under the protective order.  The parties may keep copies of Confidential Consumer and Litigation Material to the extent necessary and appropriate to enforce any order of the Court.

### Amendment of This Agreement

26.     The provisions of this Protective Order may be modified at any time by stipulation of the parties approved by Court **order**.  In addition, a party may at any time apply to this Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of this Court.  The parties consent to an expedited hearing upon any such application.

27.     Nothing contained in this Protective Order shall be construed as a waiver by any party of its right to object on any other permissible grounds to any request for production of documents, nor as a waiver by any party of another party's obligation to make proper responses to discovery requests.  The entry of this Protective Order shall not be construed as an agreement by any party to

produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

28. This Protective Order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made by any party.

29. Nothing in this Protective Order shall be deemed to preclude a party from intentionally waiving any protection afforded to its Confidential Litigation Material under this Protective Order, nor shall it prevent any party from disclosing its own information to any person it deems appropriate without waiving its rights under this Protective Order.

**IT IS SO ORDERED.**

Dated: October 9, 2013  _____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE ZAKEN CORP., a California ) <br> corporation, also d/b/a The Zaken ) <br> Corporation, QuickSell, and QuikSell; ) <br> and ) <br> ) <br> TIRAN ZAKEN, individually and as ) <br> an officer of The Zaken Corp., ) <br> Defendants. ) <br> _____ ) | Case No: CV-12-09631 DDP(MANx) <br><br> ACKNOWLDGEMENT OF PROTECTIVE ORDER AS TO CONFIDENTIAL INFORMATION |

   I have read the Protective Order entered in the above-captioned case on October 9, 2013, and I agree to be bound by the terms of that Protective Order.

Signature: _____

Print Name:_____

Title:  _____

Employed by:       _____

Representing: _____

Address: _____

_____

Date: _____

19