JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>THE ZAKEN CORP., a California corporation, also d/b/a The Zaken Corporation, QuickSell, and QuikSell; and<br><br>TIRAN ZAKEN, individually and as an officer of The Zaken Corp.,<br><br>    Defendants. | Case No. CV 12-09631 DDP(MANx)<br><br>**FINAL ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**<br><br>Hon. Dean D. Pregerson |

Plaintiff, the United States of America, commenced this action by filing its Complaint for injunctive and other equitable relief, alleging that Defendants The Zaken Corp. and Tiran Zaken violated of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended. Plaintiff filed a motion for summary judgment on April 25, 2014.

The Court, having granted summary judgment in favor of Plaintiff, and having found that Plaintiff is entitled to the relief sought against Defendants for

their deceptive acts and practices in connection with the marketing of a work-at-home business opportunity, hereby makes findings and enters an Order for Permanent Injunction and Other Equitable Relief ("Order") as follows:

## FINDINGS

1. This Court has jurisdiction of the subject matter of this case and over the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(a), 53(b), and 56(a).

2. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

3. The activities of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted under Sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b).

5. There is no genuine issue as to any material fact concerning the liability of Defendants for the illegal practices charged in the Complaint, or the amount of consumer losses caused by Defendants' deceptive acts and practices.

6. Undisputed facts show that in the course of marketing and selling the work-at-home business QuikSell, Defendants The Zaken Corp. and Tiran Zaken made false and misleading statements to consumers, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

7. Defendants offered for sale, sold, and promoted QuikSell as a business opportunity, as that term is defined in the Business Opportunity Rule, 16 C.F.R. § 437.1(c).

8. Undisputed facts show that Defendants failed to furnish prospective purchasers a disclosure document and any required attachments within the time

period prescribed by the Business Opportunity Rule. 16 C.F.R. §§ 437.2 and 437.3(a).

9. Undisputed facts show that Defendants have made earnings claims to prospective purchasers in connection with the offering for sale, sale, or promotion of a business opportunity while: (1) lacking a reasonable basis for the earnings claim at the time it was made; (2) lacking written substantiation for the earnings claim at the time it was made; and (3) failing to provide an Earnings Claim statement to the prospective purchaser, all in violation of the Business Opportunity Rule, 16 C.F.R. § 437.4.

10. Undisputed facts show that Defendants have made earnings claims in the general media in connection with the offering for sale, sale, or promotion of a business opportunity while failing to state in immediate conjunction with those claims the beginning and ending dates when the represented earnings were achieved, and the number and percentage of all persons who purchased Defendants' business opportunity prior to that ending date who achieved at least the stated level of earnings, in violation of the Business Opportunity Rule, 16 C.F.R. § 437.4(b)(3).

11. As no material facts are in dispute, the United States of America is entitled to judgment as a matter of law pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

12. Defendants are liable for both injunctive and monetary relief for their violations of the FTC Act.

13. Entry of this Order is in the public interest. There being no just reason for delay, the Clerk is directed to enter judgment immediately.

## **ORDER**

### DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. **"Business Opportunity"** means a commercial arrangement in which:
   a. A seller solicits a prospective purchaser to enter into a new business;
   b. The prospective purchaser makes a required payment; and
   c. The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will:
      i. Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser;
      ii. Provide outlets, accounts, or customers including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services; or
      iii. Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides including, but not limited to, providing payment for such services as, for example, stuffing envelopes from the purchaser's home.
2. **"Business Opportunity Rule"** or **"Rule"** means the FTC Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" 16 C.F.R. Part 437, as amended.
3. **"Corporate Defendant"** means The Zaken Corp. and its successors and assigns.
4. **"Defendants"** means the Corporate Defendant and the Individual Defendant, individually, collectively, or in any combination.
5. **"Individual Defendant"** means Tiran Zaken, individually and as an officer of the Corporate Defendant.

6. "**Material**" means likely to affect a person's choice of, or conduct regarding, opportunities, products, or services.

7. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

8. "**Plaintiff**" means the United States of America.

9. "**Work-at-Home Opportunity**" means any good, service, plan, or program that is represented, expressly or by implication, to assist an individual in any manner to earn money while working from home or from locations other than the business premises of the Defendant, whether or not covered by the Business Opportunity Rule, 16 C.F.R. 437.

10. The words "**and**" and "**or**" shall be understood to have both conjunctive and disjunctive meanings.

# I.

# BAN ON WORK-AT-HOME AND BUSINESS OPPORTUNITIES

**IT IS ORDERED** that the Defendants, whether acting directly or through any other person, corporation, partnership, subsidiary, division, agent, or other device, are permanently restrained and enjoined from:

**A.** Advertising, marketing, promoting, offering for sale, or selling any Work-at-Home Opportunity or Business Opportunity; and

**B.** Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any Work-at-Home Opportunity or Business Opportunity.

Nothing in this Order shall be read as an exception to this Section I.

# II.

# PROHIBITED REPRESENTATIONS RELATING TO ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact including, but not limited to:

**A.** The income, profit, or sales volume that a purchaser is likely to achieve;

**B.** The income, profit, or sales volume that participating consumers have actually achieved;

**C.** The total cost to purchase, receive, or use, and the quantity of, the good, product, service, plan, or program;

**D.** Any material restriction, limitation, or condition to purchase, receive, or use the good, product, service, plan, or program;

**E.** Any material aspect of the benefits, performance, efficacy, nature, or characteristics of the product or service; and

**F.** Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy applicable to such good, product, service, plan, or program.

# III.
# PROHIBITED USE OF CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

    A.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person which Defendants obtained prior to entry of this Order in connection with the advertising, marketing, promotion or offering of any products or opportunities related to the allegations set forth in the Complaint; and

    B.    Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

***Provided, however,*** that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V.

## MONETARY RELIEF

**IT IS FURTHER ORDERED** that judgment is entered in favor of the United States and against Defendants, jointly and severally, in the amount of twenty-five million, four hundred six thousand, seven hundred eighty one dollars ($25,406,781) as equitable monetary relief for consumer injury. This monetary judgment shall become immediately due and payable upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961(a), as amended, shall immediately begin to accrue on the unpaid balance.

  A. All funds paid pursuant to this Order shall be deposited into a fund administered by the Federal Trade Commission ("Commission") or its agents to be used for equitable relief including, but not limited to, redress to consumers and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph. Defendants shall have no right to contest the manner of distribution chosen by the Commission;

  B. No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment;

  C. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise;

D.     In accordance with 31 U.S.C. § 7701, Defendants are required, unless they have done so already, to furnish to the Commission their taxpayer identifying numbers and/or social security numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

# VII.
# ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.     Each Defendant, within seven (7) days of entry of this Order, must submit to Plaintiff and the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury;

B.     For seven (7) years after entry of this Order, the Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and the Corporate Defendant, must deliver a copy of this Order  to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in marketing, advertising, promotion, or sales; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities; and

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

# VIII.
# COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

    A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

        1.    Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission and Plaintiff may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

        2.    Additionally, Individual Defendant Tiran Zaken must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

   B. For fifteen (15) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

    1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of The Zaken Corp. or any entity that Defendants have any ownership interest in or directly or indirectly control that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

    2. Additionally, Individual Defendant Tiran Zaken must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which s/he performs services whether as an employee or otherwise and any entity in which s/he has any ownership interest, and identify its name, physical address, and Internet address, if any;

   C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen (14) days of its filing;

   D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature; and

11

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. The Zaken Corp. and Tiran Zaken, X130011.

## IX.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years. Specifically, The Zaken Corp. and Tiran Zaken, for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    A copy of each advertisement or other marketing material.

## X.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A.    Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69;

B.    For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present; and

C.    The Commission or Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED:**

Dated: October 21, 2014

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

14